IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| | ) | **C O M P L A I N T** |
| v. | ) ) | |
| Collectors Training Institute of Illinois, Inc. d/b/a CTI Collection Services, | ) ) ) | |
| Defendant | ) ) ) | **JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Merilyn Williams ("Williams") who was adversely affected by such practices. As stated with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Williams was terminated in retaliation for complaining about employment discrimination by her employer, CTI Collection Services ("CTI" or "Defendant").

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern

Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant has continuously been an Illinois corporation doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Williams filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.    On or about September 14, 2007, Defendant engaged in an unlawful employment practice in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).   This unlawful employment practice was the termination of Williams in retaliation for her complaints of employment discrimination.

8.    The effect of the practice complained of in paragraph 7, above, has been to deprive Williams of equal employment opportunities and otherwise adversely affect her status as an employee, because she was terminated after she complained about employment practices

made unlawful by Title VII.

9. The unlawful employment practice complained of in paragraph 7 above was intentional.

10. The unlawful employment practice complained of in paragraph 7 above was done with malice or with reckless indifference to the federally protected rights of Williams.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation and any other employment practice which discriminates on the basis of opposing employment practices made unlawful by Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose employment practices made unlawful by Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Williams by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Williams, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practice described in paragraph 7 above, in amounts to be determined at trial.

E. Order Defendant to make whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practice complained of in paragraph 7 above,

including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

        JAMES LEE
        Deputy General Counsel
        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 "L" Street, N.W.
        Washington, D.C. 20507

        /s/ John C. Hendrickson
        John C. Hendrickson
        Regional Attorney

        /s/ Diane I. Smason
        Diane I. Smason
        Supervisory Trial Attorney

        /s/ Jeanne B. Szromba
        Jeanne B. Szromba
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        500 West Madison Street, Suite 2000
        Chicago, Illinois 60661
        312-353-7546
        jeanne.szromba@eeoc.gov